Mhare Mouradian (SBN 233813)
mhare.mouradian@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand, Suite 2850
Los Angeles, CA 90071
213.337.6550 Telephone
213.337.6551 Fax

Jennifer E. Hoekel (*pro hac vice forthcoming*)
jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
314-480-1500 Telephone
314-480-1505 Facsimile

*Attorneys for Plaintiff Change Capital Management LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| CHANGE CAPITAL MANAGEMENT, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>THE CHANGE COMPANY CDFI LLC and CHANGE LENDING, LLC,<br><br>*Defendants.* | Case No.: 8:24-cv-00050<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Change Capital Management, LLC ("Change Capital"), by and through its undersigned attorneys, and for its Complaint against Defendants The Change Company CDFI LLC ("The Change Company") and Change Lending, LLC ("Change Lending" and collectively, "Defendants"), states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; unfair competition arising under California Business & Professions Code § 17200 *et seq.*; and California common law unfair competition.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Change Capital's federal trademark infringement and unfair competition claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because this case presents federal questions arising under the Lanham Act. This Court has supplemental jurisdiction over Change Capital's state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. The exercise of personal jurisdiction over Defendants comports with California law and with the constitutional requirements of due process because Defendants' principal places of business are in this District, their agents reside in this District, they transact business within this District, and they have committed acts of trademark infringement, false designation of origin, and unfair competition in this District, including but not limited to using the infringing marks in connection with the advertisement, marketing, promotion, sale, and offering for sale of goods and services to customers in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this District and because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## PARTIES

### Change Capital Management, LLC

5. Plaintiff Change Capital Management, LLC is a Delaware limited liability company with a principal place of business at 600 Madison Ave., 18th Floor, New York, NY 10022.

6. Since its founding in 2015, Change Capital has provided financial services throughout the United States and this District, including commercial lending, business financing, and investing.

7. Change Capital is also the owner of certain intellectual property, including a federal registration for the standard character mark CHANGE CAPITAL and common law rights in CHANGE CAPITAL and other "Change-" formative marks (as more specifically defined below). Change Capital uses these marks to brand and advertise its financial services throughout the United States and this District.

### Defendant The Change Company CDFI LLC

8. Upon information and belief, Defendant The Change Company CDFI LLC is a Nevada limited liability company with a principal place of business at 175 N. Riverview Drive, Suite D, Anaheim, CA 92808.

9. Upon information and belief, Defendant The Change Company, at all times relevant hereto, has offered, or indirectly offered through subsidiaries, affiliates, licensees, and/or agents, various products and services in the financial industry directed to customers ranging from individuals to small businesses to major financial institutions.

10. Upon information and belief, Defendant The Change Company amended its name from The Capital Corps, LLC to The Change Company CDFI LLC on or about February 3, 2021.

### Defendant Change Lending, LLC

11. Upon information and belief, Defendant Change Lending is a California limited liability company with a principal place of business at 175 N. Riverview Drive, Suite C, Anaheim, CA 92808.

12. Upon information and belief, Defendant Change Lending, at all times relevant hereto, has offered lending products, including to small businesses and real estate investors.

13. Upon information and belief, Defendant Change Lending amended its name from Commerce Home Mortgage, LLC to Change Lending, LLC on or around February 3, 2021.

### FACTUAL BACKGROUND

### Plaintiff Change Capital's Business and the Change Mark

14. Change Capital was founded in 2015 and, since at least as early as October 2015, offers commercial lending, financing, and investment to businesses with a preference to align itself with those that provide socially impactful, responsible, sustainable, and highly innovative and disruptive products and services.

15. Change Capital operates a website at the address: https://change.capital/.

16. To date, Change Capital has deployed more than $100,000,000 in capital through more than 1,000 transactions.

17. Change Capital's lending services include term loans, bridge financing, mezzanine financing, and lines of credit to small and medium-sized businesses.

18. Change Capital's investment services focus on companies with high-growth potential and differentiated market positions led by strong management teams.

19. Through extensive effort and cost over many years, Change Capital has successfully cultivated a distinctive brand identity around the term "Change" and other "Change-" formative marks.

20. Change Capital has sponsored numerous financial industry associations, organizations, events, conventions, and conferences, which included the prominent display of Change Capital's logos on program materials, banners, booths, websites, email marketing, and other advertising media promoting these associations, organizations, events, conventions, and conferences.

21. Change Capital's executives have appeared in numerous panel discussions, webinars and speaking engagements pertaining to various lending and related topics.

22. Change Capital's executives are recognized for their prominent involvement and leadership within the financial industry. One such executive was recognized for her leadership and accomplishments at Change Capital and received two awards from major industry associations at events Change Capital sponsored.

23. Change Capital has made extensive use of social media and email marketing in promoting its brand and services, including sites such as LinkedIn.

24. Change Capital has sponsored numerous charitable organizations both within and without the financial services industry, which included prominent display of Change Capital's logos on program materials, websites, email marketing, and other advertising media promoting these charities and their events.

25. Change Capital's press releases and announcements have appeared in numerous publications, newsletters, websites, and email communications.

26. Prior to the acts of the Defendants complained of herein, Change Capital obtained a federal trademark registration for the mark CHANGE CAPITAL.

27. Change Capital is the owner of U.S. Trademark Registration No. 6,376,250 ("the '250 Registration") for the word mark CHANGE CAPITAL for use in connection with International Class 36 services, namely "Commercial financing services, namely, secured and unsecured lending to small and medium businesses." A true and correct copy of the duly and lawfully issued '250 Registration is attached hereto as Exhibit 1.

28. In addition, Change Capital also owns certain common law rights in several marks including the term "Change" and other "Change-" formative marks, including CHANGE, CHANGE CAPITAL & Design, and MAKE CHANGE FOUNDATION & Design, among others.

29. Change Capital utilizes various logos incorporating the CHANGE CAPITAL mark on its website and marketing materials, including, for example:







30. Under the "CHANGE-" branding umbrella, Change Capital uses the following logos in connection with its business activities:

CHANGEEQUITIES

CHANGEFINANCE

CHANGEGIVING

CHANGEINVESTING

CHANGELENDING

CHANGEVENTURES

CHANGEFINANCIAL

31. Also, Change Capital uses the following logo with the term "CHANGE" in connection with its charitable foundation:



32. As a result of its federal trademark registration, the extensive use of the term "Change" to advertise its financial services, and the accompanying goodwill that is owned and enjoyed in its entirety by Change Capital, Change Capital has the exclusive right to use the aforenoted common law rights and trademarks (collectively, the "CHANGE Marks") throughout the United States.

33. Change Capital's CHANGE Marks are inherently distinctive and uniquely associated with Change Capital in connection with its financial services offered under the CHANGE Marks by reason of the continuous use and promotion by Change Capital.

34. As a result of the substantial investment in advertising and promotion of services under the CHANGE Marks, and continuous and extensive nationwide sales of the same, and through the exercise of control over the quality of services offered under the CHANGE Marks, the CHANGE Marks have amassed substantial and valuable goodwill and consumer recognition.

35. Through Change Capital's extensive promotional activities, Change Capital's services and trademarks have all become well-known, are associated with Change Capital, and represent valuable assets and goodwill of Change Capital, as consumers closely associate the CHANGE Marks with Change Capital and its services.

## Defendants' Infringing and Unfair Activities

36. Upon information and belief, The Change Company was formerly known as The Capital Corps, America's Community Development Financial Institution (CDFI).

37. Upon information and belief, Defendant The Change Company selected and adopted the new name and branding of The Change Company and related "Change-" formative marks in connection with Defendants' products and services on or about February 2021.

38. On or about February 18, 2021, Defendant The Change Company filed on an intent to use basis U.S. Trademark Application Serial No. 90/534,066 for the mark CHANGE & Design in Int'l Class 36 for the "Mortgage lending."

39. On or about August 24, 2021, Defendant The Change Company filed U.S. Trademark Application Serial Nos. 90/899,777 and 90/899,901 for the standard character mark CHANGEFI and the mark CHANGEFI & Design, respectively, in International Class 36 for "Banking services; Consumer lending services; Mortgage lending; Electronic debit card transaction processing; Issuing of debit cards; Issuing prepaid debit cards; Processing of debit card payments," claiming a first use date of May 21, 2021.

40. As a result, Change Capital has priority over Defendants for the use of the term "Change" and "Change-" formative marks.

41. According to its website, Defendants offer a full range of financial services to help diverse underserved and underbanked consumers and small businesses reach their financial goals.

42. Under the umbrella of what Defendants refer to as "The Change Family," Defendants own and operate several websites, including https://www.thechangecompany.com/, https://www.changemtg.com/, https://changewholesale.com/, and https://www.xchangefi.com/.

43. Without permission or consent from Change Capital, Defendants advertise and offer products and services across various sectors of the financial industry under the mark CHANGE or other "Change-" formative marks. Examples of these uses are shown below:

**Change HOME MORTGAGE**

**Empowering Borrowers Through Fair & Responsible Lending**

Change Home Mortgage offers traditional and non-traditional loans as diverse as the borrowers we serve.



**Harnessing the Power of America's Largest CDFI Lender**

Serve a wider range of customers and close more loans with the nation's largest community development financial institution (CDFI) and #1 non-QM lender, as ranked by Scotsman Guide.



**The Digital Marketplace for Prime Impact Loans**

xChange enables banks, insurance companies, asset managers, family offices, and qualified impact investors to easily search for and buy attractive prime loans, and build their balance sheets.

**Change APPRAISALS**

**Fair Appraisals for all of America's Borrowers**

We provide the highest level of client satisfaction by offering exceptional customer service, outstanding quality control, and prompt order completion.

44. Defendants also maintain a variety of social media accounts, including on LinkedIn, Facebook, and X (formerly Twitter).

45. Defendants refer to themselves by just the term "Change" throughout their websites, in marketing materials, and other uses involving Defendants' products and services.

46. Customers of Defendants refer to The Change Company by just the term "Change" in reviews, testimonials, and social media posts.

47. Without permission or consent from Change Capital, Defendants have infringed Change Capital's CHANGE Marks by using, promoting, advertising, selling, and/or offering to sell products and services using marks that are confusingly similar to the CHANGE Marks.

48. Defendants' actions have cause actual confusion among financial services consumers.

49. Articles published in various news sources in and around August 2023, discussed the U.S. Security and Exchange Commission's ("SEC") investigation of Defendant Change Lending's status as a Community Development Financial Institution ("CDFI").

50. Several of Change Capital's customers, believing the SEC's investigation was directed at Change Capital instead of Defendant Change Lending, contacted Change Capital about the SEC probe.

51. One customer pulled out funds from investments in Change Capital based on the news of the SEC's investigation of Defendant Change Lending.

52. Another customer contacted Change Capital to discuss the business impacts on a pending project due to the SEC investigation of Defendant Change Lending.

53. Yet another customer urgently sought additional information from Change Capital regarding the consumer lending activities subject to the SEC's investigation of Defendant Change Lending. The customer questioned why Change Capital was participating in consumer lending when the customer had invested in Change Capital solely for commercial lending activities.

54. Because consumers are likely to—and in fact have—associated or confused Defendants' financial services with Change Capital's financial services, Defendants have infringed and continue to infringe Change Capital's CHANGE Marks and have engaged and continue to engage in unfair competition in the United States, including by directing those infringing activities from this District.

55. With actual knowledge of Change Capital's CHANGE Marks, Defendants' refusal to cease marketing and offering their financial products and services makes their infringement deliberate and willful.

56. Defendants have not ceased their infringing activities or unfair competition, or otherwise compensated Change Capital for damages caused by their actions. As a direct and proximate result of Defendants' actions described herein, Change Capital has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until Defendants' actions as alleged herein are permanently enjoined.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement, 15 U.S.C. § 1114

57. Plaintiff Change Capital incorporates each of the preceding paragraphs as if fully set forth herein.

58. As a result of the experience, care, and service of Change Capital in providing financial services under the CHANGE Marks, Change Capital's services have become widely known to have acquired a reputation for excellence. Moreover, the CHANGE Marks have become associated with Change Capital's services, and have come to symbolize the reputation for quality and excellence of Change Capital's services. As such, the CHANGE Marks have acquired substantial secondary meaning among the general consuming public in addition to being inherently distinctive.

59. Change Capital owns a valid and enforceable federally registered trademark for the CHANGE CAPITAL Mark in the '250 Registration.

60. Defendants' unauthorized use of "Change" to advertise and offer financial products and services is likely to cause confusion, or to cause mistake or to deceive Defendants' customers, potential consumers, and/or the public as to the source or sponsorship of Defendants' goods or services. Defendants' conduct creates a likelihood of confusion by creating a false impression that Plaintiff Change Capital is the source of or somehow sponsors Defendants' goods or services.

61. As of the time of this filing, Defendants were on both actual and constructive notice of Change Capital's exclusive rights in the CHANGE Marks.

62. Defendants have no right, license or authority from Plaintiff Change Capital to use the CHANGE Marks, or any other mark confusingly similar thereto.

63. Defendants' acts constitute infringement of Change Capital's CHANGE Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

64. Upon information and belief, Defendants are intentionally using Change Capital's trademarks to trade off of the reputation and goodwill embodied in the CHANGE Marks, and to create deception in the marketplace. Defendants' trademark infringement has been willful and deliberate, with full knowledge of the Change Capital's CHANGE Marks, and Change Capital's rights therein.

65. As a direct and proximate result of Defendants' trademark infringement, Change Capital is entitled to recover actual damages in an amount to be proven at trial.

66. Defendants' conduct has caused and is causing immediate and irreparable injury to Change Capital and its valuable CHANGE Marks, and will continue to cause damage unless enjoined by this Court. Change Capital has no adequate remedy at law.

67. Defendants' conduct as alleged herein constitutes an exceptional case under 15 U.S.C. § 1117, entitling Change Capital to its attorneys' fees and costs incurred in this action.

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition, 15 U.S.C. § 1125(a)

68. Plaintiff Change Capital incorporates each of the preceding paragraphs as if fully set forth herein.

69. Defendants' unauthorized use of "Change" to advertise and offer financial products and services is likely to cause confusion, or to cause mistake or to deceive Defendants' customers, potential consumers, and/or the public as to the source or sponsorship of Defendants' goods or services. Defendants' conduct creates a likelihood of confusion by creating a false impression that Plaintiff Change Capital is the source of or somehow sponsors Defendants' goods or services.

70. Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71. Upon information and belief, Defendants are intentionally using Change Capital's trademarks to trade off of the reputation and goodwill embodied in the CHANGE Marks, and to create deception in the marketplace. Defendants' trademark infringement has been willful and deliberate, with full knowledge of Change Capital's CHANGE Marks, and Change Capital's rights therein.

72. As a direct and proximate result of Defendants' trademark infringement, Change Capital is entitled to recover actual damages in an amount to be proven at trial.

73. Defendants' conduct has caused and is causing immediate and irreparable injury to Change Capital and its valuable CHANGE Marks, and will continue to cause damage unless enjoined by this Court. Change Capital has no adequate remedy at law.

74. Defendants' conduct as alleged herein constitutes an exceptional case under 15 U.S.C. § 1117, entitling Change Capital to its attorneys' fees and costs incurred in this action.

### THIRD CLAIM FOR RELIEF

### Unfair Competition under California Business & Professions Code §§ 17200 *et seq.*

75. Plaintiff Change Capital incorporates each of the preceding paragraphs as if fully set forth herein.

76. Defendants' unauthorized use of "Change" to advertise and offer financial products and services is likely to cause confusion, or to cause mistake or to deceive Defendants' customers, potential consumers, and/or the public as to the source or sponsorship of Defendants' goods or services. Defendants' conduct creates a likelihood of confusion by creating a false impression that Plaintiff Change Capital is the source of or somehow sponsors Defendants' goods or services.

77. Defendants are not authorized to use the CHANGE Marks or any mark confusingly similar or that in any way represents or implies that Defendants and/or Defendants' goods or services are in any way associated with Change Capital.

78. Defendants' acts complained of herein constitute trademark infringement and unfair competition which have injured and damaged Change Capital.

79. Defendants' actions constitute unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

80. Defendants' conduct has caused and is causing immediate and irreparable injury to Change Capital and will continue to damage Change Capital unless enjoined by this Court. Change Capital has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### California Common Law Unfair Competition

81. Plaintiff Change Capital incorporates each of the preceding paragraphs as if fully set forth herein.

82. Defendants' conduct as alleged herein constitutes misappropriation of valuable property rights of Change Capital, and Defendants are trading on the goodwill symbolized by Change Capital's CHANGE Marks, and is thereby likely to confuse and deceive members of the purchasing public as to the source of Defendants' goods or services. These activities constitute unfair competition under the common law of the State of California.

83. Defendants' conduct also constitutes intentional, willful, and reckless disregard of Change Capital's rights and an attempt to trade on the goodwill developed and owned exclusively by Change Capital, all to the damage of Change Capital.

84. As a direct and proximate result of Defendants' unfair competition, Change Capital is entitled to recover actual damages in an amount to be proven at trial.

85. Defendants' conduct has caused and is causing immediate and irreparable injury to Change Capital and will continue to damage Change Capital unless enjoined by this Court. Change Capital has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Change Capital Management, LLC respectfully prays for entry of judgment granting:

A. A permanent injunction restraining Defendants The Change Company CDFI LLC and Change Lending, LLC and their related subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation therewith, from infringing Change

1  Capital's Lanham Act and common law rights in the CHANGE Marks, and from
2  otherwise engaging in unfair competition;
3       B.    A declaration that Defendants have infringed the CHANGE Marks by
4  the acts complained of herein in violation of 15 U.S.C. § 1114 and/or 15 U.S.C.
5  § 1125(a);
6       C.    A declaration that Defendants' infringement was deliberate, willful,
7  and in conscious disregard of Change Capital's rights pursuant to 15 U.S.C. § 1117
8  and 15 U.S.C. § 1125(a), and at common law;
9       D.    A declaration that this case is exceptional, pursuant to 15 U.S.C.
10 § 1117;
11      E.    An award to Change Capital of all damages attributable to
12 Defendants' infringement and unfair competition in an amount according to proof
13 at trial;
14      F.    That Defendants be required to account for any and all gross and net
15 sales, revenues, and profits received or derived by Defendants from the marketing,
16 sale, offering for sale, and/or distribution of products or services bearing or using
17 any copy or colorable imitation of the CHANGE Marks, and an award to Change
18 Capital of Defendants' profits not considered in calculating actual damages; and
19      G.    Any such other and further relief as this Court deems just and
20 equitable.

## JURY DEMAND

Plaintiff Change Capital Management, LLC hereby demands a trial by jury on all issues so triable.

| | | |
|---|---|---|
| 1 | Dated: January 9, 2024 | Respectfully submitted, |
| 2 | | By: */s/ Mhare Mouradian* |
| | | Mhare Mouradian (SBN 233813) |
| 3 | | mhare.mouradian@huschblackwell.com |
| | | HUSCH BLACKWELL LLP |
| 4 | | 300 South Grand, Suite 1500 |
| | | Los Angeles, CA 90071 |
| 5 | | 213.337.6550 Telephone |
| | | 213.337.6551 Fax |

Jennifer E. Hoekel (*pro hac vice forthcoming*)
jennifer.hoekel@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
314-480-1500 Telephone
314-480-1505 Facsimile

***Attorneys for Plaintiff Change Capital Management LLC***

HB: 4888-3070-1173