Mhare Mouradian (SBN 233813)
mhare.mouradian@huschblackwell.com
L. Scott Oliver (SBN 174824)
scott.oliver@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand, Suite 2850
Los Angeles, CA 90071
213.337.6550 Telephone
213.337.6551 Fax

Jennifer E. Hoekel (*pro hac vice*)
jennifer.hoekel@huschblackwell.com
Brendan R. Zee-Cheng (*pro hac vice*)
brendan.zee-cheng@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
314-480-1500 Telephone
314-480-1505 Facsimile

***Attorneys for Plaintiff Change Capital Management LLC***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| CHANGE CAPITAL MANAGEMENT, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>THE CHANGE COMPANY CDFI LLC and CHANGE LENDING, LLC,<br><br>*Defendants.* | Case No. 8:24-cv-00050-DOC-ADS<br><br>**STIPULATED ORDER UNDER FED. R. EVID. 502(d)** |

IT IS HEREBY STIPULATED by and between Plaintiff Change Capital Management, LLC ("Change Capital") and Defendants The Change Company CDFI LLC ("The Change Company") and Change Lending, LLC ("Change Lending" and collectively, "Defendants"), through their respective attorneys of record, stipulate as follows:

WHEREAS, the documents and information, both electronically-stored and hard copy, produced during discovery in this case may be voluminous given the complex nature of this case; and

WHEREAS, pursuant to Fed. R. Evid. 502(d), the parties seek to ameliorate costs and risks associated with the production of voluminous documents and information and resolving disputes regarding privilege,

THEREFORE, this Court orders as follows:

1. **No Waiver by Disclosure.** This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action, State or Federal—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. **Notification Requirements; Best Efforts of Receiving Party.** A Disclosing Party must promptly notify the party receiving the Protected Information (the "Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (3)—promptly (i) notify the Disclosing

Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Upon request by the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged. For purposes of this Order, if Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered, the Receiving Party must promptly take steps to delete or sequester the restored protected information if and when such data is retrieved.

3. **Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

4. **Stipulated Time Periods.** The parties may stipulate to time periods for the activity required by paragraphs (2) and (3), but the parties must adhere to the procedures set forth in Local Rule 37.

5. **Attorney's Ethical Responsibilities.** Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

6. **Burden of Proving Privilege or Work-Product Protection.** The Disclosing Party retains the burden—upon challenge pursuant to paragraph (3)—of establishing the privileged or protected nature of the Protected Information.

7. **In camera Review.** Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

8. **Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

9. **Rule 502(b)(2).** The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Date: August 9, 2024

By: */s/ Brendan R. Zee-Cheng*
Mhare Mouradian (SBN 233813)
mhare.mouradian@huschblackwell.com
L. Scott Oliver (SBN 174824)
scott.oliver@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand, Suite 2850
Los Angeles, CA 90071
213.337.6550 Telephone
213.337.6551 Fax

Jennifer E. Hoekel (*pro hac vice*)
jennifer.hoekel@huschblackwell.com
Brendan R. Zee-Cheng (*pro hac vice*)
brendan.zee-cheng@huschblackwell.com
HUSCH BLACKWELL LLP
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
314-480-1500 Telephone
314-480-1505 Facsimile

***Attorneys for Plaintiff Change Capital Management LLC***

Respectfully submitted,

By: */s/ Jonathan C. Cahill (with permission)*
Ian A. Rambarran, Bar No. 227366
irambarran@Klinedinstlaw.com
Jonathan C. Cahill, Bar No. 287260
jcahill@klinedinstlaw.com
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 282-0100/FAX (916) 444-7544

***Attorneys for THE CHANGE COMPANY CDFI LLC and CHANGE LENDING, LLC***

## CERTIFICATION

The undersigned attests that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content, and have authorized this filing and the use of their signature.

*/s/ Brendan R. Zee-Cheng*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: 08/29/2024             /s/ Autumn D. Spaeth

HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge